UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

August 30, 2021

LETTER TO COUNSEL

  RE: *Teresa D. v. Kijakazi*
     DLB-20-852

Dear Counsel:

  On April 1, 2020, plaintiff petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. ECF 1. I have considered the parties' cross-motions for summary judgment and plaintiff's response. Pl.'s Mem., ECF 15; Def.'s Mem., ECF 19; Pl.'s Reply, ECF 20. I find no hearing necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the denial if the SSA employed correct legal standards in making findings supported by substantial evidence. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

  Plaintiff filed her claims for benefits on October 19, 2016, alleging an onset date of September 26, 2019. Administrative Transcript ("Tr.") 264–73. The SSA denied her claims initially and on reconsideration. Tr. 119, 132, 145, 159. An Administrative Law Judge ("ALJ") held a hearing on February 4, 2019. Tr. 57–118. Following the hearing, the ALJ determined plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 28–48. Because the Appeals Council denied plaintiff's request for review, the ALJ's decision constitutes the final, reviewable decision of the SSA. Tr. 1–6; *see Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); 20 C.F.R. § 422.210(a).

  The ALJ found plaintiff severely impaired by "status-post repair right hip fracture, trochanteric bursitis right hip, status-post total right hip replacement, rib fractures, frontal sinus fracture, status-post repair complex facial lacerations with skin graft right eyelid, major neurocognitive disorder/post-concussion syndrome, major depressive disorder, and posttraumatic stress disorder." Tr. 34. Despite these impairments, the ALJ determined plaintiff retained the residual functional capacity ("RFC") to:

*Teresa D. v. Kijakazi*
DLB-20-852
August 30, 2021
Page 2

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can occasionally climb ramps, stairs, ladders, ropes, and scaffolds; she can occasionally balance, stoop, kneel, crouch, and crawl; she [can] tolerate occasional exposure to extreme heat, extreme cold, dust, fumes, odors, gases, poor ventilation, vibrations, humidity, and hazards; she can frequently reach with the non-dominant upper extremity; she can perform simple, routine, and repetitive work; she can have few changes in a routine work setting; she is able to make simple work-related decisions; she is able to work in a low stress environment, defined as not at a production pace and not being required to drive for work-related duties; she can frequently interact with supervisors and co-workers, but occasionally work in tandem with others and occasionally interact with the public.

Tr. 36–37. After considering the testimony of a vocational expert ("VE"), the ALJ determined plaintiff was unable to perform any of her past relevant work but could perform other jobs existing in significant numbers in the national economy. Tr. 41–43. Therefore, the ALJ concluded plaintiff was not disabled. Tr. 43.

On appeal, plaintiff challenges several components of the ALJ's decision, including the ALJ's RFC determination, hypothetical to the VE, and step-five finding that plaintiff could perform work existing in significant numbers in the national economy. Pl.'s Mem.; Pl.'s Reply. Each challenge, however, turns on a single issue: whether the ALJ erred in failing to explain "not at a production pace," a phrase bearing on each of the ALJ's challenged findings. *Id.* I agree the ALJ's failure to explain the meaning of this phrase frustrates appellate review. Accordingly, I remand, but I express no opinion as to plaintiff's ultimate entitlement to benefits.

In conducting substantial evidence review, courts look "to an existing administrative record and [ask] whether it contains 'sufficient evidence' to support the agency's factual *determinations*." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citation omitted) (emphasis added). Thus, agency conclusions, stated in terms cognizable to the Court, must necessarily precede full substantial evidence review. In *Thomas v. Berryhill*, 916 F.3d 307, 312 (4th Cir. 2019), the Fourth Circuit held an ALJ's RFC assessment limiting the plaintiff to work not "requiring a production rate or demand pace" frustrated review because the Court lacked "enough information to understand what those terms mean[t]." Expressing no opinion as to whether the RFC findings were correct, the Court remanded for "a clearer window into" the ALJ's reasoning. *Id.* at n.5 ("Without further explanation, we simply cannot tell whether the RFC finding . . . properly accounts for [the plaintiff's] moderate limitations in concentration, persistence, or pace. On remand, the ALJ will need to establish for how long, and under what conditions, [the plaintiff] is able to focus . . . and stay on task at a sustained rate."). And, while in *Thomas* the ALJ's utilization of the ambiguous term was one among many reasons the Court remanded, the Fourth Circuit has subsequently remanded solely for an ALJ's failure to define similar ambiguous terms in the RFC determination. *See, e.g.*, *Perry v. Berryhill*, 765 F. App'x 869, 873 (4th Cir. 2019) (remanding for an ALJ's failure to define "non-production work oriented setting").

*Teresa D. v. Kijakazi*
DLB-20-852
August 30, 2021
Page 3

In this case, the ALJ's RFC determination and relevant hypothetical to the VE both contain the phrase "not at a production pace." Tr. 24, 111. The phrase is directly analogous to the term the Fourth Circuit held was unreviewable in *Thomas*. *See* 916 F.3d at 312. The Commissioner does not contest the similarity between the two terms. *See* Def.'s Mem. 3–5. Rather, the Commissioner argues (1) the Fourth Circuit has affirmed decisions utilizing similar terms; (2) the ALJ provided sufficient context for the term, which is also not ambiguous because it is a "vocationally relevant term"; and (3) the present decision is not infected with multiple errors, as was the decision reviewed in *Thomas*. *Id.* I address each argument in turn.

First, while the Commissioner cites other cases in which similar or related terms have been "affirmed," the vast majority of the Commissioner's citations predate the Fourth Circuit's decision in *Thomas*. Indeed, the only case the Commissioner cites that comes after *Thomas* is an unpublished, per curiam decision in which the Fourth Circuit summarily adopted the reasoning of the lower court. *See Martinez v. Berryhill*, No. 3:17-CV-186, 2018 WL 709971, at *4 (W.D.N.C. Feb. 5, 2018), *aff'd sub nom. Martinez v. Saul*, No. 18-1376, 2019 WL 4130955 (4th Cir. Aug. 20, 2019). Additionally, in that case, the ALJ qualified the ambiguous term, "production-rate pace," with the parenthetical: "(such as on an assembly line)." *Id.* at *3. The plaintiff, moreover, did not challenge the reviewability of that term under *Thomas*. *See id.* Thus, I disagree with the Commissioner that any of the cases she cites require remand in this case.

Second, I disagree that the ALJ provided sufficient context. The ambiguous term does not appear once in the RFC analysis except for the determination itself. *See* Tr. 36–41. Indeed, the ALJ does not even clarify for which of plaintiff's impairments the term is designed to account. *See id.* Relatedly, I disagree with the Commissioner that the term is common enough that the Court is able to discern its meaning. *See Thomas*, 916 F.3d at 312. The term is not defined in the regulations or the Dictionary of Occupational Titles. *Perry*, 765 F. App'x at 872. The definition is the critical issue in this case. Further, while the Commissioner also argues that the term is a "vocationally relevant term that can be defined in the manufacturing industry as 'the number of goods that can be produced during a given period of time,'" Def.'s Mem. 4, that definition provides virtually no guidance as to how many goods in what period of time, and how that information—were it even identified—translates to jobs outside the production industry. The term at issue here refers to a pace—in whichever industry.

Third and finally, the Commissioner's argument that this case is distinguishable from *Thomas* because plaintiff asserts only one error is unpersuasive. The Fourth Circuit, albeit in an unpublished opinion, previously remanded an ALJ's decision solely for an error analogous to the one in this case. *See Perry*, 765 F. App'x at 871–73. In that case, the Court wrote that "[t]he missing explanation . . . [was] particularly important because it [was] undisputed that Perry's stroke left him with limitations in concentration, persistence, and pace." *Id.* at 872. It is unclear to the Court whether the disputed limitation in this case was intended to account for plaintiff's physical or mental limitations. However, it is clear that plaintiff, like the plaintiff in *Perry*, experienced a traumatic event that left her with physical and mental deficits, including a moderate limitation in concentration, persistence, or pace. *See id.*; Tr. 36. Thus, because the limitation bears on a potentially material issue and I am unable to tell whether the ALJ's decision is supported by

*Teresa D. v. Kijakazi*
DLB-20-852
August 30, 2021
Page 4

substantial evidence, remand is appropriate so that the ALJ can provide "a clearer window" into her reasoning. *See Thomas*, 916 F.3d at 312, n.5.

For the reasons set forth herein, plaintiff's motion for summary judgment, ECF 15, is denied, and the Commissioner's motion for summary judgment, ECF 19, is denied. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is reversed in part due to inadequate analysis. The case is remanded for further proceedings in accordance with this opinion.

Despite the informal nature of this letter, it should be flagged as an opinion. A separate order follows.

    Sincerely yours,

    /s/

    Deborah L. Boardman
    United States District Judge